UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| THOMAS PATTERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 1:18-CV-279 |
| | ) | REEVES/STEGER |
| DAVID W. PURKEY, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On March 31, 2020, Plaintiff Thomas Patterson was ordered to show cause in writing by April 17, 2020 why his case should not be dismissed for failure to prosecute. [D. 13]. Patterson has not responded to the Court's order. Consequently, this action will be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution and for failure to comply with the Court's order.

**I.     Background**

Patterson, *pro se*,[1] filed this case on October 15, 2018, purportedly on behalf of himself, the state of Tennessee, and others similarly situated. [D. 1]. In his complaint, Patterson brought several claims against several defendants due to the seizure of his vehicle following Tennessee forfeiture proceedings. However, Patterson's complaint was not new. Previously, Patterson filed

---

[1] Patterson was assisted in the crafting of his complaint by Attorney Herbert S. Moncier, who is suspended from the practicing before the courts of the Eastern District of Tennessee. *See In re Moncier*, 550 F. Supp. 2d 768, 769 (E.D. Tenn. 2008), *aff'd* 329 F. App'x 636 (6th Cir. 2009). Patterson was explicitly instructed that Attorney Moncier was not to act as his attorney in the prosecution of this case. [D. 10].

1

suit in federal court arising from the same facts, and that case was dismissed without prejudice. *Patterson v. Gibbons*, No. 1:16-CV-170, 2017 WL 563986, at *1 (E.D. Tenn. Feb. 10, 2017), *aff'd sub nom. State v. Gibbons*, 698 F. App'x 307 (6th Cir. 2017).

On October 29, 2019, Patterson moved for leave to proceed *in forma pauperis*. [D. 1, 4]. The Court granted leave for Patterson to proceed *in forma pauperis* and instructed him to complete several forms contained within the service packet and return them to the Clerk of Court within 30 days in order for service of process to occur. [D. 10]. The service packets were mailed to Patterson, but the record does not reflect that Patterson ever completed the forms. Patterson never filed any notice that service had been effectuated.

To avoid the federalism issues that doomed his previous federal case, Patterson also moved for a stay of the case pending the outcome of concurrent state court proceedings [D. 5]. The Court stayed the matter in the interest of judicial efficiency. [D. 12]. The Court also ordered Patterson to file a status report by November 18, 2019. [D. 12]. Patterson never filed a status report.

On March 31, 2020, the Court ordered Patterson to show cause in writing by April 17, 2020 why his case should not be dismissed for failure to prosecute. [D. 13]. Patterson never responded.[2]

## II. Analysis

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their

---

[2] The service packets [D. 10], the order directing Patterson to file a status report [D. 12], and the show cause order [D. 13] were all mailed to Patterson at the address he submitted to the Court. Patterson was twice instructed that he was required to notify the Court of any changes of address. [D. 3, 11]. If Patterson failed to do so, this may be an additional ground warranting dismissal. *See* E.D. Tenn. L.R. 83.13.

2

calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

In determining whether a Rule 41(b) involuntary dismissal is warranted, the court considers four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737 (citation omitted). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004) (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

The Court will review each factor in turn.

### A. Fault

A plaintiff demonstrates bad faith, willfulness, or fault when they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quotation omitted). Even

absent bad faith, failure to comply with court orders reflects "willfulness and fault" for purposes of Rule 41(b). *See, e.g.*, *Lannom v. Soc. Sec. Admin.*, No. 1:18-CV-00069, 2019 WL 5101168, at *2 (M.D. Tenn. Oct. 11, 2019); *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017).

Here, Patterson's failure to comply with the Court's order to show cause is clearly due to his own willfulness and fault. Patterson was informed that he was responsible for the preparation of service packets. [D. 10]. He did not complete them. Patterson was informed that he needed to submit a status report on the concurrent state proceedings by November 18, 2019. [D. 12]. He did not do so. Patterson was ordered to show cause why his case should not be dismissed for failure to prosecute by April 17, 2020. [D. 13]. He did not do so. Patterson's abandonment of this case is clear from his repeated refusal to comply with the Court's directives.

### B. Prejudice

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same).

Here, because service was not issued, the Court can discern no significant prejudice to the defendant based on Patterson's failure to comply with the Court's order, and this factor in and of itself would not weigh in favor of dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998).

Here, Patterson was warned that failure to comply with the Court's rules and orders may result in dismissal. [D. 3, 11]; *see* E.D. Tenn. L.R. 83.13. Patterson was explicitly warned that, should he fail timely comply with the Court's show cause order, his complaint would be dismissed for failure to prosecute without further notice. [D. 13]. The Court concludes that Patterson has been given prior notice, and his inaction regarding this case warrants dismissal.

### D. Other Sanctions

Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5.

Here, the Court finds that alternative sanctions would not be effective. Patterson has thrice failed to comply with Court directives regarding basic administrative tasks. Moreover, Patterson's failure to respond to the show cause order strongly suggests that any further attempts to prod him into compliance through the imposition of a lesser sanction would be futile. Patterson has not monitored this case and has not taken any action to prosecute it in almost nineteen months.

In sum, the Court concludes that the relevant factors weigh in favor of an involuntary dismissal of this action pursuant to Rule 41(b) based upon plaintiff's non-compliance with the court's previous order. *Schafer*, 529 F.3d at 736. There is a clear record of repeated delay, and Patterson was warned that failure to comply would result in dismissal. *See id.* at 737; *see also Knoll*, 176 F.3d at 363.

**III.     Conclusion**

Accordingly, this action will be **DISMISSED without prejudice** for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**ORDER TO FOLLOW**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**